IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL No. 1203 |
| SHEILA BROWN, *et al.* v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION No. 99-20593 |
| This document relates to: | |
| LINDA HARMON, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20082 |
| DUWANDA ROBBINS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20081 |
| JANICE BINION, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20119 |
| LILLIAN CHANDLER, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20120 |
| PATRICIA MOSLEY, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20122 |
| MARY F. SANDERS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20121 |
| - and - BRENDA STALLINGS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.* | MDL Case No. 02-20118 |

**WYETH'S REPLY TO PLAINTIFFS' RESPONSE TO WYETH'S MOTION TO DISMISS CERTAIN PLAINTIFFS**

Defendant Wyeth submits this Reply Memorandum in further support of its Motion to Dismiss Certain Plaintiffs. Plaintiffs have provided no substantive response. The undisputed evidence submitted by Wyeth mandates the dismissal of those plaintiffs who are the subject of this Motion.

## I.    THE CLAIMS OF THE PLAINTIFFS IDENTIFIED IN WYETH'S MOTION SHOULD BE DISMISSED WITHOUT FURTHER ADO.

Wyeth submitted its Motion, together with documentary evidence (primarily plaintiffs' own echocardiogram reports), demonstrating unequivocally that a majority of plaintiffs in these cases are not eligible to sue Wyeth on the face of the echocardiogram reports. Rather than file a substantive response, plaintiffs once again sidestep the issues by simply cutting and pasting meritless and irrelevant arguments from their "Renewed Motion to Remand." Although Wyeth has been seeking the dismissal of these plaintiffs for nearly two years, *at no time* have plaintiffs ever refuted Wyeth's substantive arguments for dismissal.

Instead, plaintiffs do something truly remarkable: they argue that the Nationwide Settlement Agreement ("Settlement Agreement") does not apply to their causes of action because their claims "are broader than the scope of the settlement agreement." Plaintiffs' Response at 9. According the plaintiffs, their claims for "fraud, conspiracy to commit fraud, ongoing acts of fraud, and negligent inducement and misrepresentation . . . are not covered by the Settlement Agreement." *Id.* Similarly outside the scope of the Settlement Agreement, in their view, are their allegations that Wyeth "further[ed]" the fraudulent activities of the phemtermine and pharmaceutical defendants and is therefore "jointly and severally liable" for their actions. *Id.*

It is troubling that plaintiffs' counsel, responsible for almost 250 plaintiffs in these cases, demonstrates such a fundamental misunderstanding of the Settlement Agreement. With the stroke of a pen, plaintiffs' counsel would have this Court essentially write the Settlement Agreement out of existence.

The reality is that if a plaintiff is not a valid opt-out, he or she has released <u>all</u> diet drug claims against Wyeth. Period. There is no ambiguity about this at all. Section I.53 of the Settlement Agreement defines "Settled Claims" to incorporate <u>all</u> claims, whether plead in fraud, conspiracy with another manufacturer, or negligence. In particular, it says:

> "Settled Claims" shall mean any and all claims . . . regardless of the legal theory . . . arising out of or relating to the purchase, use, manufacture, sale, dispensing, distribution, promotion, marketing, clinical investigation, administration, regulatory approval, prescription, ingestion, and labeling of Pondimin® and/or Redux™, alone or in combination with any other substance, including, without limitation, any other drug . . . These "Settled Claims" include, without limitation and by way of example, all claims for damages or remedies of whatever kind or character, known or unknown, that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, for:

> a.    personal injury and/or bodily injury, damage, death, fear of disease or injury, mental or physical pain or suffering, emotional or mental harm, or loss of enjoyment of life;

> b.    compensatory damages, punitive, exemplary, statutory and other multiple damages or penalties of any kind;

> c.    loss of wages, income, earnings, and earning capacity, medical expenses, doctor, hospital, nursing, and drug bills;

> d.    loss of support, services, consortium, companionship, society or affection, or damage to familial relations, by spouses, parents, children,

other relatives or "significant others" of Settlement Class Members;

e.  consumer fraud, refunds, unfair business practices, deceptive trade practices, Unfair and Deceptive Acts and Practices ("UDAP"), and other similar claims whether arising under statute, regulation, or judicial decision;

f.  wrongful death and survival actions;

g.  medical screening and monitoring, injunctive and declaratory relief;

h.  economic or business losses or disgorgement of profits arising out of personal injury; and

i.  prejudgment or post-judgment interest.

Settlement Agreement, § I.53.

It is unfathomable that plaintiffs believe they can argue, consistent with Rule 11 of the Federal Rules of Civil Procedure, that their "fraud" and "conspiracy" claims fall outside this definition. Their argument is frivolous on its face.

What the Court is left with, then, is the undisputed evidence that Wyeth put into the record, demonstrating that the majority of these plaintiffs are not eligible to sue on the face of their echocardiogram reports. It is simply astonishing that two years after they filed these actions, with repeated attempts by Wyeth to work with them to streamline these cases, plaintiffs' counsel remains unable or unwilling to provide any justification for their willingness to sign pleadings on behalf of these plaintiffs. As such, the claims of those plaintiffs who are the subject of this Motion should be dismissed.

## II.  PLAINTIFFS' JURISDICTION ARGUMENT IS CONTRARY TO THE LAW OF THE CASE.

Plaintiffs now contend that this Court lacks jurisdiction over them because they filed remand motions. In the first place, although plaintiffs titled their remand motion a

"Renewed" Motion to Remand, they have filed no prior motion to remand in this Court.

The only motions they have filed were in Mississippi federal court prior to transfer to the

MDL. Wyeth is separately filing an opposition to plaintiffs' finally Renewed Motion to

Remand. Suffice it to say here that the only non-Wyeth defendants in these cases are

pharmacies and phentermine defendants. As should be apparent to counsel with such a

large number of plaintiffs in the MDL proceedings, this Court has already held that the

phentermine defendants have been fraudulently joined in the diet drug litigation and that

no product liability cause of action exists against pharmacies under Mississippi law. *See*

PTO 2567, at 19.

At any rate, this Court has subject matter jurisdiction to enforce the terms of the

Settlement Agreement. *See* PTO 1415, at 2 ("the court has jurisdiction over the subject

matter of this action with respect to all claims . . ."). Indeed, plaintiffs already have

agreed that this Court has jurisdiction to decide eligibility. As recently as October, 2003,

plaintiffs' counsel agreed to confer on a revised scheduling order that permitted this

Court to make eligibility determinations. *See* Exhibits A and B.[1]

## III.    PLAINTIFFS' ACCUSATIONS ABOUT THIS PROCESS ARE MERITLESS.

Unable to provide any substantive rationale for the complaints in these cases,

plaintiffs resort to personal attacks on Wyeth and the Special Master's Office. The

accusations are, simply, nonsense. These cases have been before this Court for a year

and a half. During that time, Wyeth has made repeated efforts to address the substantive

---

[1] Exhibit A is a letter dated October 24, 2003 memorializing an understanding between Wyeth and plaintiffs as to a revised scheduling order providing for eligibility challenges in this Court. The original agreed-upon scheduling order was submitted to the Office of the Special Master on April 3, 2003 and is attached as Exhibit B.

problems in the complaints, only to be ignored by plaintiffs' counsel at almost every turn. The Special Master's Office has been empowered to supervise discovery in these and other diet drug actions and they have been diligently trying to do that, also with no response. As part of the Special Master's efforts, they set up a conference call to discuss briefly the pending motions. At no time did Wyeth and anyone from the Special Master's Office discuss the merits of these motions. The parties were simply asked to participate in a conference call to discuss the timing of the various filings. Plaintiffs' counsel on the call were unprepared to articulate any substantive reason why they required a lengthy extension to respond to Wyeth's Motion. As such, the Special Master's Office properly requested a response in writing at a particular point in time, and, even then, gave plaintiffs an extra week. Plaintiffs here have had ample opportunity to explain why they are entitled to proceed and they are unable to do so. They have no one to blame but themselves for the current procedural posture of these cases.

## IV.    WYETH HAS PROVIDED PLAINTIFFS WITH RELEASES AND AIO FORMS.

Finally, plaintiffs continue to refuse to dismiss plaintiffs who have elected the Accelerated Implementation Option ("AIO") or who have otherwise settled with Wyeth. Plaintiffs claim "Wyeth has still not provided the Plaintiffs' counsel with all of evidence they allege to support these settlements." Plaintiffs' Response at 10. The truth is that the AIO forms were attached as Exhibit J to Wyeth's Motion. Releases for plaintiffs who have otherwise settled with Wyeth were faxed to plaintiffs counsel on November 13, 2003, and sent via overnight delivery on November 14, 2003. *See* Exhibits C and D, respectively. There is simply no justification for these plaintiffs to pursue diet drug claims, and there is no excuse for plaintiffs' counsel to refuse to dismiss them.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Wyeth's Motion, Wyeth respectfully requests that the Court grant the relief requested in Wyeth's Motion. Wyeth further requests that the fees and expenses related to this Motion be assessed against plaintiffs, and that this matter be given expedited consideration.

Respectfully submitted,

Peter L. Zimroth
Anand Agneshwar
Dorothy N. Giobbe
ARNOLD & PORTER
399 Park Avenue
New York, NY 10022
(212) 715-1000

Robert D. Rosenbaum
ARNOLD & PORTER
555 Twelfth Street, NW
Washington, DC 20004-1206
(202)942-5000

William M. Gage
BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
AmSouth Plaza
210 East Capitol Street
P.O. Box 22567
Jackson, MS 39201
(601) 948-5711

Michael T. Scott
Paul B. Kerrigan
REED SMITH LLP
2500 One Liberty Place
Philadelphia, PA 19103
(215) 851-8248

Attorneys for Defendant Wyeth

Dated: December 4, 2003

# EXHIBIT A

# ARNOLD & PORTER

212.715.1000
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

33. RECEIVED

OCT 2 4 2003

Butler Snow

## Fax Transmittal

### October 24, 2003

| RECIPIENT NAME(S) | RECIPIENT FAX NUMBER(S) | RECIPIENT TELEPHONE NUMBER(S) |
|---|---|---|
| Mark Anderson<br>Gray Laird<br>William Gage | (215) 981-0082<br>(601) 420-0033<br>(601) 985-4500 | (215) 972-6400<br>(601) 420-0333<br>(601) 948-5711 |

| SENDER | SENDER'S TELEPHONE NUMBER | |
|---|---|---|
| Dorothy Giobbe | (212) 715-1107 | |

| CLIENT/MATTER NUMBER | TIMEKEEPER NUMBER | NUMBER OF PAGE(S) |
|---|---|---|
| 02571.190 | 4468 | We are transmitting 2 page(s) (including this cover sheet) 3 |

If you experience difficulty receiving this fax transmission, please contact the operator at 212.715.1330.

### MESSAGE

Please see the attached.

PRIVILEGED AND CONFIDENTIAL.
Information intended only for the use of the addressee named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, please note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

# ARNOLD & PORTER

Dorothy Nicole Giobbe
Dorothy_Giobbe@aporter.com

212.715.1162
212.715.1399 Fax

34th Floor
399 Park Avenue
New York, NY 10022-4690

October 24, 2003

**VIA FACSIMILE AND FIRST CLASS MAIL**

Mark Anderson, Esq.
Miller, Alfano & Raspanti, P.C.
Suite 3402
1818 Market Street
Philadelphia, PA
19103

Re:   *Linda Harmon, et al.*, MDL Case No. 02-20082; *Duwanda Robbins, et al.*,
MDL Case No. 02-20081; *Janice Binion, et al.*, MDL Case No. 02-20119;
*Lillian Chandler, et al.*, MDL Case No. 02-20120; *Patricia Mosley, et al.*,
MDL Case No. 02-20122; *Mary F. Sanders, et al.*, MDL Case No. 02-
20121; and *Brenda Stallings, et al.*, MDL Case No. 02-20118

Dear Mr. Anderson:

I write in regard to the above-referenced cases and Wyeth's motion to dismiss
certain plaintiffs, which was filed today. Wyeth has conferred with plaintiffs' counsel
this morning, and we have agreed on the following:

Within two weeks, plaintiffs' counsel will inform Wyeth and your office as to
whether it will agree to dismiss any or all of the plaintiffs included in Wyeth's motion.
As to those plaintiffs who are not dismissed, depositions will commence December 15,
2003.

Depending on how many plaintiffs remain after our agreement, we will then
submit a revised scheduling order covering motions challenging eligibility, and
designations of generic and case-specific experts.

Please do not hesitate to contact me if you have any questions or concerns.

Very truly yours,

Dorothy N. Giobbe

Washington, DC    New York    Los Angeles    Century City    Denver    London    Northern Virginia

'4 2003 14:29 FR ARNOLD PORTER    212 715 1799 TO **4768*02571190* P.03

# ARNOLD & PORTER

cc:  Gray Laird, Esq.
     William Gage, Esq.

# EXHIBIT B

# ARNOLD & PORTER

**Anand Agneshwar**
Anand_Agneshwar@aporter.com

212.715.1107
212.715.1399 Fax

34th Floor
399 Park Avenue
New York, NY 10022-4690

April 3, 2003

**VIA FACSIMILE AND OVERNIGHT DELIVERY**

Greg Miller, Esq.
Miller, Alfano & Raspanti, P.C.
Suite 3402
1818 Market Street
Philadelphia, PA
19103

     Re:   *Linda Harmon, et al.*, MDL Case No. 02-20082; *Duwanda Robbins, et al.*, MDL Case No. 02-20081; *Janice Binion, et al.*, MDL Case No. 02-20119; *Lillian Chandler, et al.*, MDL Case No. 02-20120; *Patricia Mosley, et al.*, MDL Case No. 02-20122; *Mary F. Sanders, et al.*, MDL Case No. 02-20121; and *Brenda Stallings, et al.*, MDL Case No. 02-20118

Dear Special Master Miller:

     Attached please find a Joint Motion to Stay Proceedings and For Entry of Proposed Scheduling Order that is jointly submitted by Wyeth and plaintiffs in the above-captioned cases. If the Joint Motion is acceptable to you, we will file it with the Court.

     Thank you for your continued consideration. Please do not hesitate to contact me if you have any questions.

                    Respectfully Submitted

                    Anand Agneshwar

cc:  Gray Laird, Esq. (via facsimile and overnight delivery)
      Arnold Levin, Esq. (via facsimile and first class mail)
      William Gage, Esq. (via facsimile and first class mail)
      Mark Anderson, Esq. (via facsimile and first class mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL No. 1203 |
| SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION No. 99-20593 |
| This document relates to: | |
| LINDA HARMON, et al. v. WYETH- AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20082 |
| DUWANDA ROBBINS, et al. v. WYETH- AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20081 |
| JANICE BINION, et al. v. WYETH- AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20119 |
| LILLIAN CHANDLER, et al. v. WYETH- AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20120 |
| PATRICIA MOSLEY, et al. v. WYETH- AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20122 |
| MARY F. SANDERS, et al. v. WYETH- AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20121 |
| - and - BRENDA STALLINGS, et al. v. WYETH- AYERST PHARMACEUTICALS, INC., et al. | MDL Case No. 02-20118 |

JOINT MOTION TO STAY PROCEEDINGS AND FOR ENTRY OF PROPOSED
SCHEDULING ORDER

The parties to these actions jointly move this Court for an order staying the proceedings and for an Order entering the jointly-proposed Scheduling Order (Scheduling Order attached as exhibit A), in the expectation that the implementation of the Scheduling Order will result in a process that the parties expect will expedite resolution of these cases.

These actions are diet drug cases that were originally filed in Mississippi state court on behalf of a total of 250 plaintiffs beginning in August 2001. On December 6, 2001, Defendant Wyeth removed all seven of these actions to the United States District Court for the Southern District of Mississippi, and the Judicial Panel on Multidistrict Litigation subsequently transferred them to this Court.

The parties recognize that the above-referenced cases present a number of procedural and substantive issues relating to the disposition of these cases. For example, Wyeth believes that the complaints seek relief to which the plaintiffs are not entitled; that most of the plaintiffs are not eligible to file suit under the Nationwide Class Action Settlement Agreement, that numerous plaintiffs cannot get personal jurisdiction in Mississippi and that some of the plaintiffs have already settled claims through the Accelerated Implementation Option and through individual settlement agreements with Wyeth. These are just some of the issues in dispute between plaintiffs and defendant. See letter to Special Master with accompanying correspondence, attached as exhibit B. The parties believe that the attached scheduling order will enable the parties to resolve many if not all of these issues without court intervention.

On March 6, 2003, Wyeth's counsel received a faxed notice from the office of the Special Master that required the parties to develop a scheduling order for completion of discovery for submission to your office by March 14, 2003. The parties have conferred and hereby submit the agreed-upon scheduling order.

2

## **CONCLUSION**

The parties respectfully request that this Court stay the proceedings in these and enter the proposed Scheduling Order.

Dated:   March 28, 2003

Respectfully submitted,

ARNOLD & PORTER                                    PAGE, KRUGER & HOLLAND, P.A.

BY:_____                    By:_____
  Anand Agneshwar                                      H. Gray Laird, III
  399 Park Avenue                                      P.O. Box 1163
  New York, NY  10022-4690                             Jackson, Mississippi 39215
  (212) 715-1000                                       (601) 420-0333

*Attorneys for Defendant*                          *Attorneys for Plaintiffs*

3

MAR 31APR. 2. 2003  5:26PMarnolPAGE KRUGER HOLLAND:12 715 1799 TO **4768*2NO. 99343O*P. 404

## CONCLUSION

The parties respectfully request that this Court stay the proceedings in these and enter the proposed Scheduling Order.

Dated:    March 28, 2003

Respectfully submitted,

ARNOLD & PORTER                          PAGE, KRUGER & HOLLAND, P.A.

BY:_____              By:_____
   Anand Agneshwar                          H. Gray Laird, III
   399 Park Avenue                          P.O. Box 1163
   New York, NY 10022-4690                  Jackson, Mississippi 39215
   (212) 715-1000                           (601) 420-0333

*Attorneys for Defendant*                   *Attorneys for Plaintiffs*

3

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL No. 1203 |
| SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION No. 99-20593 |
| This document relates to: | |
| LINDA HARMON, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20082 |
| DUWANDA ROBBINS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20081 |
| JANICE BINION, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20119 |
| LILLIAN CHANDLER, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20120 |
| PATRICIA MOSLEY, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20122 |
| MARY F. SANDERS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20121 |
| - and - BRENDA STALLINGS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al. | MDL Case No. 02-20118 |

PRE-TRIAL ORDER No.

The Court imposes the following deadlines:

1

1.     Within thirty (30) days from the date of this Order, Wyeth will notify plaintiffs' counsel of all fact sheets, echocardiogram reports and tapes that it has received.  Within 60 days of the receipt of such communication, Plaintiffs will produce to Wyeth all outstanding plaintiff fact sheets, as well as all echocardiogram tapes, reports, and other materials that have not been previously identified in Wyeth's notice, which relate to plaintiffs' asserted right to sue under the Settlement Agreement.

2.     This evidence plaintiffs shall produce shall include, but is not limited to, all echocardiograms and reports, including digitized tapes and frames, still frames and other echocardiogram materials, heart catheterization reports and tracings, and other diagnostic reports that have been performed on the Plaintiffs.  If plaintiffs withhold any such evidence for any reason, or if they are unable to produce any such evidence, they shall identify with specificity what evidence is being withheld or not produced and the reasons for withholding or not producing it.

3.     Within thirty (30) days of the receipt of the material listed in paragraphs 1 and 2, the parties shall meet and confer on the terms of an agreed order that would result in conforming the complaints to the requirements of the Nationwide Class Action Settlement Agreement (the "Settlement Agreement").  By agreeing to this provision, plaintiffs do not concede that their complaints violate the Settlement Agreement, and do not concede that any changes to the complaints are necessary; nor does Wyeth concede that any of the plaintiffs may sue or pursue damages against Wyeth.

4.     Wyeth shall have ninety (90) days from the time prescribed by paragraph 3, to file challenges to plaintiffs' eligibility to sue under the Settlement Agreement.

5.    Plaintiffs shall have sixty (60) days to file a response to Wyeth's eligibility challenges.

6.    Wyeth will have thirty (30) days to file a reply.

7.    After briefing is complete on challenges to eligibility, the Court shall hold an evidentiary hearing, or employ other appropriate procedures, after which it shall make findings as to whether the challenged plaintiffs are eligible to sue under the Settlement Agreement.

8.    After rulings are made pursuant to paragraph 7, the parties shall agree on a date for completion of discovery based on a reasonable time frame to complete discovery based on the number of plaintiffs that remain in the case.

9.    No later than thirty (30) days after the close of fact discovery, plaintiffs shall identify each case-specific expert witness who is expected to testify for plaintiffs on any issue other than economic damages, and, except to the extent such disclosures have already been made, shall make all expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

10.    No later than thirty (30) days after plaintiffs have served case-specific expert designations, Wyeth shall identify each case-specific expert witness who is expected to testify for Wyeth on any issue other than economic damages, and, except to the extent such disclosures have already been made, shall make all expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

11.    The parties note that the plaintiffs have filed motions to remand and Wyeth has filed a motion to dismiss numerous plaintiffs for lack of personal jurisdiction.  By agreeing to this Scheduling Order, neither side concedes the merits of or objections to these motions.

SO ORDERED:

_____
    Harvey S. Bartle, III, U.S.D.J.