IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | Civil Action No. 99-20593 |
| This document relates to: | |
| LINDA HARMON, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al; | MDL Case No. 02-20082 |
| DUWANDA ROBBINS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC. et al; | MDL Case No. 02-20081 |
| JANICE BINION, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al; | MDL Case No. 02-20119 |
| LILLIAN CHANDLER, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al; | MDL Case No. 02-20120 |
| PATRICIA MOSLEY, et al. v. WYETH-AYERST PHARMACEUTICALS, INC. et al; | MDL Case No. 02-20122 |
| MARY F. SANDERS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al; | MDL Case No. 02-20121 |
| And BRENDA STALLINGS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al. | MDL Case No. 02-20118 |

**PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSE TO WYETH'S MOTION TO DISMISS CERTAIN PLAINTIFFS**

COME NOW Plaintiffs Janice Binion, et al., Lillian Chandler, et al., Patricia Mosley, Mary F. Sanders, et al., Brenda Stallings, et al., Linda Harmon et al., and Duwanda Robbins, et al., by and through undersigned counsel, pursuant to applicable statute, the Federal Rules of Civil Procedure and the applicable rules of procedure of the judicial panel on multi-district litigation, and, incorporating herein all arguments

made in their Response to Wyeth's Motion to Dismiss Certain Plaintiffs and First Amended Response to Wyeth's Motion to Dismiss Certain Plaintiffs, file this First Supplemental Response to Wyeth's Motion to Dismiss Certain Plaintiffs and state as follows:

## I.   INTRODUCTORY REMARKS

After eliminating the diatribe, *ad hominem* and allusions to Shakespeare, the Defendants' Motion to Dismiss Certain Plaintiffs posits two basic propositions.  First the Defendants request this Court to dismiss the claims of certain Plaintiffs who have allegedly settled their claims or exercised an Accelerated Implementation Option ("AIO").  Second, the Defendants invite this Court to make eligibility determinations regarding 249 Plaintiffs, and dismiss those the Defendants allege have not properly opted out of the settlement agreement.  In the following, Plaintiffs make two simple responses.  There is compelling justification for Plaintiffs' insistence that any eligibility determinations be made after the close of the discovery period and by a jury or the courts that will oversee the trials of these cases.  The Defendants have failed to satisfy the stringent burden of proof born by those who request dismissal of a cause of action.

### A.   THE COURT SHOULD REFRAIN FROM DETERMINING ELIGIBILITY ISSUES IN OPT OUT CASES PENDING IN FEDERAL DISTRICT COURTS.

Attached as **Exhibit "A"** is a copy of this Court's ruling in Memorandum and Pretrial Order No. 2654.  In said ruling, the Court stated, "...it is for the opt-out court to work out when and how the opt-out issues are to be determined and what type of hearing, fact-finding, or other procedure is appropriate, consistent with fairness and

local law." The rationale for this was explained by the Court, "So much depends on the particulars of an individual case that it is not surprising that the Settlement Agreement requires any opt-out "challenge" by a Released Party, and that includes any challenge to procedure or scheduling, to be decided "in such lawsuit only." Based upon the ruling in Pretrial Order No. 2654, this Court should allow determinations regarding opt-out eligibility to the opt out Courts. This is especially true because the basis of the Defendants' challenges to the validity of these opt outs is based upon more complicated issues such as the veracity of these Plaintiffs' echocardiographic examinations. Many of these determinations merit expert testimony and a full hearing on the issue of the validity of the opt-out.

> **B. THE DEFENDANTS HAVE FAILED TO SATISFY THE BURDEN OF DEMONSTRATING ANY PLAINTIFFS' CLAIMS SHOULD BE DISMISSED.**

The standard for dismissal is a stringent one. "In determining whether a motion to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-plead facts as true, viewing those facts most favorably to the plaintiff." Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir.2003). The Defendants have not meet this burden. They have gone well outside the pleadings in support of their motion to dismiss and have presented questionable and disputed evidence in support thereof.

> *1.   Allegations of Settled Claims.*

The Defendants have asked this Court, prior to formal discovery, to dismiss the claims of Robert Fulton McDaniel (Binion), Anthony Earl Sykes (Binion),

Lillian Chandler (Chandler), Felicia Edwards (Harmon), Donna Murphy (Harmon), and Johnny Earl Clark (Stallings) because they have allegedly settled their claims.

There are significant problems with the allegations made by the Defendants in their Motion to Dismiss regarding the individuals alleged to have settled their claims. Attached as **Exhibits "B"**, **"C"**, and **"D"** are the affidavits of Donna Murphy, Felicia Edwards, and Robert Fulton McDaniel, Jr., which contain information refuting the Defendants' contention that these individuals have settled or otherwise released their claims against the Defendants. These Plaintiffs have testified that the Defendants have mistaken them for other individuals.

This inaccuracy raises serious questions concerning the veracity of the facts upon which the Defendants ask this Court to rely when considering the dismissal of these Plaintiffs.

### 2. *Allegations of Executed AIO's.*

The Defendants have asked this Court to dismiss the claims of Beverly Fleming (Mosley), Velma Bell (Harper), Arma Harper (Mosley), Valenta Allen-Williams (Mosley), and Edward McArthur, who have allegedly, "settled their claims by exercising the Accelerated Implementation Option ("AIO") under the Settlement Agreement." The Court should view these allegations with suspicion as the Defendants have presented no evidence to verify that the individuals alleged to have executed an AIO are the same individuals that are Plaintiffs in this case.

### 3. *Allegations of Ineligibility.*

The Defendants have requested this Court dismiss the claims of some 135

Plaintiffs who are allegedly not qualified to opt-out based upon the Defendants' assessment of their echocardiogram results. This Court should refrain from determining eligibility issues regarding these opt-out plaintiffs because, due to the issues of fact that form the basis for the Defendants' claims, this issue is best left to a jury or the trial court for determination, after a full hearing on each individual claim. Should the Court decide to undertake the eligibility determination, the Plaintiff again requests this determination be deferred until the close of the discovery period.

WHEREFORE, PREMISES CONSIDERED, this Court should decline ruling on Defendants' Motion to Dismiss Certain Plaintiffs. In the alternative, Plaintiffs request this Court order discovery to continue and continue ruling on Defendants' Motion until the close of the discovery period.

RESPECTFULLY SUBMITTED this the _____ day of September, 2004.

JANICE BINION, ET AL., LILLIAN CHANDLER, ET AL., PATRICIA MOSLEY, ET AL., MARY F. SANDERS, BRENDA STALLINGS ET AL., LINDA HARMON ET AL., AND DUWANDA ROBBINS ET AL.

By:_____
THOMAS Y. PAGE
H. GRAY LAIRD, III
BRIAN A. CLARK

OF COUNSEL:
Thomas Y. Page (MSB 3985)
H. Gray Laird, III (MSB 8979)
Brian A. Clark (MSB 100736)
PAGE, KRUGER & HOLLAND, P.A.
Post Office Box 1163
Jackson, Mississippi 39215-1163
(601) 420-0333
(601) 420-0033 (facsimile)

Wilbur O. Colom (MSB 6403)

THE COLOM LAW FIRM
406 Third Avenue North
Post Office Box 866
Columbus, Mississippi 39703
(662) 327-0903
(662) 329-4832 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this day mailed a true and correct copy of the above and foregoing document, postage prepaid, by means of United States Mail to the following counsel of record:

Neville H. Boschert
Watkins, Ludlam, Winter & Stennis
Post Office Box 427
Jackson, Mississippi 39205

Sheila M. Bossier
Forman, Perry, Watkins, Krutz & Tardy
Post Office Box 22608
Jackson, Mississippi 39225

Luke Dove
Dove & Chill
4266 I-55 North, Suite 108
Jackson, Mississippi 39211

William M. Gage
Butler, Snow, O'Mara, Stevens
    & Cannada
Post Office Box 22567
Jackson, Mississippi 39225-2567

James B. Galloway
Butler, Snow, O'Mara, Stevens
    & Cannada
Post Office Drawer 4248
Gulfport, Mississippi 39502

Richard D. Gamblin

Wise, Carter, Child & Caraway
Post Office Box 651
Jackson, Mississippi 39205

Nina M. Gussack
Pepper, Hamilton, LLP
18th & Arch Street
3000 Two Logan Square
Philadelphia, Pennsylvania 19103

Patrick N. Harkins, III
Watkins & Eager
Post Office Box 650
Jackson, Mississippi 39205

Arnold Levin
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106

Edward W. Madeira, Jr.
Pepper, Hamilton, LLP
3000 Two Logan Square
18th & Arch Street
Philadelphia, Pennsylvania 19103

Wayne R. Maldonado
Ungarino & Eckert
3850 North Causeway Boulevard
Suite 1280, Lakeway Two
Metairie, Louisiana 70002

Kenna L. Mansfield, Jr.
Wells, Marble & Hurst
Post Office Box 131
Jackson, Mississippi 39205

Ronald G. Peresich
Page, Mannino, Peresich & McDermott
Post Office Drawer 289
Biloxi, Mississippi 39533

Peter L. Resnik
McDermott, Will & Emery, P.C.
28 State Street
Boston, Massachusetts 02109

Michael V. Cory, Jr.
Steen, Reynolds & Dalehite
Post Office Box 900
Jackson, Mississippi 39205

Michael T. Scott
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania 19103

J. Stewart Tharp
Taylor, Porter, Brooks & Phillips
Post Office Box 2471
Baton Rouge, Louisiana 70821

Edward S. Weltman
Goodwin Procter, LLP
599 Lexington Avenue
New York, New York 10022

W. L. Wilson
Taylor, Porter, Brooks & Phillips
Post Office Box 2471
Baton Rouge, Louisiana 70821

Ann M. Asiano
Bradley, Asiano & Curley
4 Embarcadero Center, 10th Floor
San Francisco, California 94111

James E. Betke
McDermott, Will & Emergy
227 West Monroe Street
Chicago, Illinois 60606

Raymond B. Biagini
McKenna & Cueno, L.L.P.
1900 K Street, N.W., Suite 100
Washington, DC 20006

Hugh Campbell
Seatrace Pharmaceuticals, Inc.
Post Office Box 363
Gadsden, Alabama 35203

Bruce M. Chadwick
Arnold & Porter
555 12th Street, N.W.
Washington, DC 20004

Gary B. Cutler
Margolis & Edelstein
601 Walnut Street, 4th Floor
Philadelphia, Pennsylvania 19106

George A. Joseph
Kirkland & Ellis
200 East Randolph Drive, Suite 6100
Chicago, Illinois 60601

Charles F. Preuss
Preuss, Walker & Shanagher
225 Bush Street, 15th Floor
San Francisco, California 94104

Jonathan I. Price
Schneck, Weltman & Hashmall
1285 Avenue of the Americas
New York, New York 10019

Joseph P. Thomas
Benesch, Friedlander, Coplan & Aronoff
2800 Cincinnati Commerce Center
600 Vine Street
Cincinnati, Ohio 45202

Alan M. Winchester
Lester, Schwab, Katz & Dwyer
120 Broadway
New York, New York 10271

Frank C. Woodside, III
Dinsmore & Shohl
1900 Chemed Center
225 East Fifth Street
Cincinnati, Ohio 45202

Alan Klein
Hangley, Aronchick, Segal & Pudln
One Logan Square
12th Floor
Philadelphia, Pennsylvania 19103

Peter Zimroth
Arnold & Porter
399 Park Avenue
New York, New York 10022

Lloyd E. Williams, Jr.
Williams & Montgomery, Ltd.
20 North Wacker Drive
Suite 2100
Chicago, Illinois 60606

Daniel S. Pariser
Arnold & Porter
555 Twelfth Street, N.W.
Washington, DC 20004

     This the _____ day of September, 2004.

_____
Brain A. Clark